JOSEPH REINFELD, complainant-respondent,

*v.*

PETTI CONSTRUCTION COMPANY et al., defendants, and
   ATLANTIC CONSTRUCTION COMPANY, defendant-appel-
   lant.

[Submitted May term, 1931. Decided February 1st, 1932.]

*Messrs. Leber & Ruback,* for the appellant.

*Mr. Philip J. Schotland,* for the respondent.

PER CURIAM.

We conclude that the decree under review should be af-
firmed for the reasons set forth in the opinion of the vice-
chancellor who advised the decree and which is hereinafter
set forth, except, however, that we are not approving, adopt-
ing or passing upon that portion thereof dealing with the
question of constructive notice.

The conclusions of the vice-chancellor are as follows:

"The facts in this case are as follows:

"Complainant in this case seeks to foreclose a mortgage
which was executed on October 10th, 1927, by defendant
Petti Construction Company to him, to secure a loan of
$70,000. This mortgage was a construction mortgage, the

money all going toward the erection of an apartment house on the mortgaged premises. The Petti Construction Company did not defend this suit, and no one disputes the validity of complainant's mortgage nor the amount due on it. The dispute in this case arises between complainant and an assignee of a one-third interest in a $9,500 purchase-money mortgage which was executed by the Petti Construction Company and recorded prior to the execution of complainant's mortgage. The mortgagee of record of this mortgage was one Aaron Weinberg. There is no dispute, however, that he only had a one-third beneficial interest in this mortgage, and that Louis Angert and Meyer Schwartz each had a one-third beneficial interest also. This $9,500 mortgage was postponed to the lien of the $70,000 mortgage on the same day that the latter mortgage was executed. Aaron Weinberg, as record holder, alone signed the postponement. However, Louis Angert and Meyer Schwartz were both present at the execution of this postponement. On October 25th, 1927, fifteen days after the execution of the postponement, Aaron Weinberg executed an assignment to Meyer Schwartz of the one-third interest in the mortgage of which the said Meyer Schwartz was the beneficial owner. This assignment was recorded on October 26th, 1927. The postponement of mortgage which Weinberg executed on October 10th, 1927, was not recorded until November 12th, 1927. This delay occurred due to the fact that the paper was mixed in with other papers in the file. Complainant's attorney thought it had been put on record until some one informed him it was not. He then found it in his file and immediately recorded it. On June 22d, 1928, Meyer Schwartz assigned his one-third interest in this $9,500 mortgage to the defendant, Atlantic Construction Company, which assignment was recorded the same day. The attorney who acted for the Atlantic Construction Company in this matter made a search before he took the assignment, and admitted on the witness stand that he discovered the postponement of October 10th, 1927, executed by Aaron Weinberg.

"On these facts the Atlantic Construction Company claims a priority over complainant's mortgage to the extent of its one-third interest in the $9,500 mortgage.

"The fact at issue is whether Schwartz, the assignor of the Atlantic Construction Company, knew of the execution and delivery of the postponement by Weinberg when he took his assignment; also whether the Atlantic Construction Company had actual knowledge of the postponement. Schwartz, the assignor to defendant and witness for it, testified that he was not present when the postponement was signed by Weinberg. However, Weinberg and others all testified that Schwartz was present when Weinberg signed the postponement. I shall, therefore, find, as a matter of fact, that he was present. Notice to him was notice to the defendant. See *Losey* v. *Simpson, 11 N. J. Eq. 246* (at *p. 251*), where Chancellor Williamson held that notice to an agent, attorney, or counsel of a purchaser, is constructive notice to his principal. Also *Willink* v. *The Morris Canal and Banking Co., 4 N. J. Eq. 377* (at *p. 404*).

"The assignee, Atlantic Construction Company, also had actual notice of the postponement signed by Weinberg, this fact being testified to by its solicitor, Mr. Litwin, who stated that he made a search of the records before accepting the assignment on behalf of his client and found on record the postponement of the lien of the assigned mortgage to the lien of the complainant's mortgage.

"I have, therefore, advised a decree that the complainant's mortgage is a prior lien to the rights of the defendant Atlantic Construction Company."

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.